UNITED STATES of America ex rel.
Herbert CORNITCHER, H–2846,
Appellant,

v.

Alfred T. RUNDLE (Supt.).

No. 17375.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Jan. 24, 1969.

Decided Feb. 18, 1969.

Herbert Cornitcher, pro se.

Roger F. Cox, Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa. (Samuel T. Swansen, Asst. Dist. Atty., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

OPINION OF THE COURT

Before McLAUGHLIN, KALODNER and STAHL, Circuit Judges.

PER CURIAM:

The relator Cornitcher is now serving a four to eight year sentence in a Pennsylvania prison which was imposed following a jury trial in which he and two co-defendants were found guilty on indictments charging him with raping two women, carrying a concealed deadly weapon and conspiracy. The relator was represented at his trial by a privately retained attorney who is presently a judge of the Court of Common Pleas of Philadelphia County. No appeal was taken from the relator's conviction. Relator, however, subsequently sought relief in a proceeding under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., which was premised on his contention that he had been deprived of his Sixth Amendment right to confrontation, in that he was denied the opportunity to cross-examine a codefendant, whose statement, testi-fied to by a detective, involved the relator. A lower Pennsylvania court denied post-conviction relief on its finding that there had been a waiver, and the Superior Court of that Commonwealth affirmed on appeal. Commonwealth v. Cornitcher, 211 Pa.Super. 710, 234 A. 2d 223 (1967), allocatur denied, No. 470A Misc.Dkt. No. 15 (Pa.Sup.Ct. Jan. 3, 1969).

The relator then unsuccessfully petitioned the District Court for a writ of habeas corpus premised on the ground asserted in his Pennsylvania Post Conviction proceeding and this appeal followed.

On review of the record we find no error. The District Court's Order denying the relator's petition will be affirmed for the reasons so well stated in the Opinion of Judge Joseph S. Lord, III, 285 F.Supp. 625.