UNITED STATES of America ex rel. Herbert CORNITCHER (H–2846)

v.

David N. MYERS, Sup't.

Misc. No. 3229.

United States District Court
E. D. Pennsylvania.

April 21, 1966.

Herbert Cornitcher, pro se, for relator.

No appearance entered, for respondent.

JOSEPH S. LORD, III, District Judge.

Relator's petition for habeas corpus alleges that he is presently confined pursuant to a conviction and sentence imposed by a Pennsylvania court for the crime of rape. He bases his petition on three grounds: (1) His conviction was procured by perjured testimony; (2) "The testimony of Betty Barlow, and Hattie Mincy as to abduction, was ignored by the Grand Jury; yet, the Commonwealth insisted that this was the means by which the alleged Rape was accomplished;" and (3) statements of a co-defendant implicating relator were improperly admitted in evidence. We have examined the state trial record furnished by relator at our request [1] and are of the opinion that his petition must be dismissed.

1. The use of perjured testimony by a prosecutor to secure a conviction constitutes a deprivation of due process. Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942). A conviction so obtained is procured "through the pretence of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury * * *." Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935). The essence of the offensive conduct is conviction through contrivance, and it follows that there must be an allegation and proof that the prosecutor knew the testimony to be false. Smith v. United States, 358 F.2d 683 (C.A.3, March 22, 1966). No such allegation is made in relator's petition.

Furthermore, the perjury must be material. United States v. Spadafora, 200 F.2d 140, 142 (C.A.7, 1952); see Annot., 2 L.Ed.2d 1575, 1582–83 (1958).

1. The return of the Clerk of Quarter Sessions of the County of Philadelphia, responding to our order compelling transmittal of the state record, states that notes of testimony were never filed with him. Relator has forwarded what appear to be the original notes.

Relator alleges that the stories of Betty Barlow and Hattie Mincy, the two complaining witnesses, were inconsistent. The former testified that her father had driven her to the point at which the two women subsequently encountered relator and his co-defendants, whereas the latter stated that they had walked there. Except as a possible indication of the general credibility of the two witnesses—and as such it was for the jury—this inconsistency was quite immaterial to the charges against relator, since it related to events which occurred before he appeared on the scene. Cf. United States ex rel. Patrick v. Rundle, 248 F.Supp. 757, 758 (E.D.Pa.1965).

██ 2. The import of the second allegation is somewhat difficult to comprehend. Relator seems to object to the Commonwealth's proof that he might also have been guilty of a crime for which he was not indicted in the course of proving his guilt of the crime with which he was charged. The prosecutor is not prevented from showing the circumstances of the crime, even if that incidentally involves proof of a separate crime. See Buatte v. United States, 350 F.2d 389 (C.A.9, 1965). Relator was not convicted of an abduction with which he was not charged, compare Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), and the mere proof of such an act in the course of proving the criminal transaction in which he engaged and with which he was charged does not present an evidentiary problem of constitutional proportions. The first two claims are plainly insubstantial and must be dismissed on their merits.

██ 3. The third claim gives us pause. The statements which were admitted were made by co-defendant Griffin to a detective assigned to investigate the case. Griffin, Stokes and Cornitcher were tried together. None took the stand. The prosecutor called the detective to testify, apparently without objection, to Griffin's admissions, which incriminated all three defendants. N.T. 130 et seq. Ordinarily, this testimony might have been excludable as hearsay as to Stokes and Cornitcher, Fiswick v. United States, 329 U.S. 211, 217, 67 S.Ct. 224, 91 L.Ed. 196 (1946); Commonwealth v. Ellsworth, 409 Pa. 505, 187 A.2d 640 (1963), although the absence of objection might be taken as a waiver of any question of admissibility. Holmes' Appeal, 379 Pa. 599, 606, 109 A.2d 523 (1954). At this trial, however, in which the declarant Griffin could not be compelled to take the stand—and did not—a question of opportunity for confrontation and cross-examination of the declarant might be raised, Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); cf. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), but an issue of waiver of the right might also be presented because of the failure to object. See Douglas v. State of Alabama, supra, 380 U.S., at 420–423, 85 S.Ct. 1074; United States ex rel. Gerchman v. Maroney, 355 F.2d 302, 312–313 (C.A.3, 1965); cf. Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

Whatever the ultimate resolution of these issues—and, in suggesting their existence, we intimate not the slightest view on their merit—relator has not presented them to the state courts. The relevant paragraph of his petition for habeas corpus in the Court of Common Pleas, which is set out in the margin,[2] specifically called attention to an alleged problem of self-incrimination and was insufficient to raise any question of con-

---

**2.** "That relator was denied due process of law in the jury trial where the Commonwealth used an incriminating (police elicited) statement against him as made by Robert Griffin, through Police Detective John Devine (#881), when relator was not present when said statement was obtained prior to jury trial. Relator's legally advised right against self-incrimination and his pre-trial exercise of that right used against him at the time of jury trial by the Commonwealth of Pennsylvania as a pretense and cause for admitting Robert Griffin's signed statement against relator."

frontation. So much of the instant petition as raises this point must be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254. We have therefore not given this allegation plenary consideration, but have inquired only far enough to be satisfied that on this point relator's claim is not so "clearly without merit," United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (C.A.3, 1964), that this court would be justified in dismissing it despite the failure to exhaust state remedies. We have every confidence that if it is presented properly to the state courts, they will judge it in accordance with the applicable state and federal standards. Congress has given them the preemptive opportunity to do so.

## ORDER

AND NOW, April 21, 1966, for the reasons set forth in the opinion accompanying this order, the petition for a writ of habeas corpus is denied.