Commonwealth ex rel. Newsome, Appellant, *v.* Myers.

Argued May 24, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

142

*William H. Saye,* for appellant.

*Henry W. Rhoads,* Assistant District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for appellee.

Opinion by Mr. Chief Justice Bell, January 3, 1968:

In *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886, this Court directed the Court of Common Pleas of Dauphin County to hold an *evidentiary hearing* to determine (a) whether petitioner Vernon Newsome *had been deprived of his right* to the assistance of counsel *on direct appeal,* as required by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814, or (b) whether his failure to appeal resulted from an intelligent and knowing waiver of that right. See *Commonwealth ex rel. Stevens v. Myers,* 424 Pa. 377, 227 A. 2d 649.

Newsome had pleaded not guilty to a charge of murder; on June 5, 1963, the jury returned a verdict of guilty of murder in the second degree. On June 11, 1963, Newsome was sentenced to not less than ten nor more than twenty years. He was represented at his trial and at his sentencing by two Court-appointed counsel.

Petitioner's amended habeas corpus petition—which was filed on May 19, 1965, almost two years after the judgment of sentence had been entered—raised for the first time the allegation that petitioner had requested trial counsel to prosecute an appeal and that counsel

had refused to take an appeal, stating that they were not permitted to do so. Petitioner further alleged that he was without knowledge of appellate procedure and thus was denied his right to such an appeal.

Pursuant to our mandate, a hearing sur said petition was held in the Court below. Petitioner's trial counsel testified that they had made thirteen visits to the prison to confer with the petitioner and four of these visits were made after sentence was imposed on him. They testified that they had advised petitioner (1) of his right to file a motion for a new trial, which they had already prepared, and (2) also of his right to appeal from the judgment of sentence, and (3) that they believed there was no legal or meritorious ground on which to successfully base a motion for and obtain a new trial, and that petitioner had concurred in their advice not to take any further action. As a consequence, the motion for a new trial was never filed.

As to the right of petitioner to appeal the judgment of sentence, one of petitioner's trial counsel testified at the evidentiary hearing as follows: ". . . I told Mr. Newsome that there is a right of appeal to the Supreme Court of Pennsylvania within 45 days from verdict. I said that we hadn't filed motions for a new trial and that the four days had expired, but that in my opinion if an appeal was filed within 45 days the Supreme Court might well waive that four day requirement, that I didn't think they would hold Mr. Newsome to that requirement if he would file an appeal within 45 days. I said an appeal is a simple paper to file with the Supreme Court.

". . . Mr. Newsome was undecided as to what to do; in fact, he indicated to us that he didn't desire us to do anything further, that he would have to think about it. He realized that he had a considerable amount of time to think about it, 45 days from the verdict. He indicated that he would go down to the penitentiary

and think about it. I again emphasized—I'm sure that I repeated myself at least twice—that he should not forget the 45 days, that he should compute them, and that if he wanted to file anything that he had better do it or get somebody to do it for him, so that the Supreme Court would get it within 45 days from date of verdict."

Concerning their last conference with the petitioner in the Dauphin County prison, Newsome's other trial counsel testified: ". . . Mr. Swartz [petitioner's other trial counsel], as I recall, on this occasion, is the one who explained to Mr. Newsome very clearly—and at least two and very likely three times—that he still had 45 days in which to take an appeal, if he so desired. We clearly explained this to Mr. Newsome. Mr. Newsome indicated again to us at this point that he did not want to appeal or file any motions. As I recall, our parting few sentences were something to the effect that Mr. Newsome told us: 'If I decide to appeal I'll look into the matter; I'm not sure what I want to do, but I'm not telling you to appeal at this point.' He gave us no instructions whatsoever to take an appeal, but he left it up to himself. He said, 'I will take care of the matter; I understand it.' I believe he shook my hand and also Mr. Swartz' hand, and again expressed satisfaction with the outcome of the trial."

This conversation is further supported by the fact that within 45 days after his sentence, petitioner wrote from the State Correctional Institution in Philadelphia to the Prothonotary of the Supreme Court in regard to the procedure to file an appeal. However, after receiving a prompt response to his question, he waited almost six months before filing a request to the lower Court for the appointment of counsel to file an appeal nunc pro tunc.

A third attorney, who had represented Newsome in certain civil matters, testified that he had conferred

with petitioner after sentence was entered and while petitioner was in the Dauphin County prison, and that petitioner had no criticism of his Court-appointed trial counsel nor made any statement about their refusal to file an appeal to this Court.

On the basis of the complete record in this case, we agree with the lower Court that petitioner was fully advised and aware of his right to file an appeal to this Court, and that he knowingly and intelligently waived that right. *Commonwealth ex rel. Stevens v. Myers,* 424 Pa., supra. Accordingly, the Order of the lower Court must be affirmed.

Order affirmed.

Mr. Justice Cohen took no part in the consideration or decision of this case.