UNITED STATES of America ex rel.
Herbert CORNITCHER, H–2846

v.

Alfred T. RUNDLE (Supt.).

No. 3821.

United States District Court
E. D. Pennsylvania.

May 29, 1968.

----◆----

Arlen Specter, Dist. Atty., Philadelphia, Pa., Welsh S. White, Asst. Dist. Atty., for respondent.

## OPINION

JOSEPH S. Lord, III, District Judge.

Relator seeks a writ of habeas corpus. He is currently serving a four to eight-year sentence imposed on May 22, 1963 resulting from his convictions for a variety of offenses that took place in the early morning of July 23, 1962. It is these convictions which the relator now attacks by this petition.

His only claim is that during the course of his trial he was deprived of his Sixth Amendment right to confrontation. See Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). More particularly he complains that he was denied the opportunity to cross-examine a co-defendant, whose statement, testified to by Detective Devine, incriminated the relator to a certain extent.

In a prior petition relator presented this same claim, among others, to us. At that time, however, this claim was premature as it had not yet been presented to the state courts. Thus, we denied the writ as to all claims but withheld any ruling on the merits of this claim until such time as relator had exhausted his state remedies. United States ex rel. Cornitcher v. Myers, 253 F.Supp. 763 (E.D.Pa.1966). We did note in that Opinion, however, that aside from the Sixth Amendment question, there was also a question of whether relator had waived his constitutional right.

After the denial of the writ here relator presented his claim to the state courts. A post-conviction hearing was held at which time the only question before the court was whether there had been a waiver of relator's constitutional rights. The lower court, after a full hearing, denied relief on the ground that there had been a waiver. Commonwealth v. Cornitcher, (Phila.Co., April 3, 1967). This was affirmed on appeal. Commonwealth v. Cornitcher, 211 Pa. Super. 710, 234 A.2d 223 (1967). Relator now, after exhausting his state remedies, presses his claim here.

■ In light of the full hearing accorded relator in the state courts, at which time he was represented by competent counsel we do not feel it necessary to hold a federal hearing [1] and thus will decide this case on the basis of the post-conviction hearing record (P.C.H.) with certain references to the trial record.[2] (T.) See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The relevant facts are as follows:

Relator, along with two co-defendants, was tried for varying offenses all arising from an alleged forcible rape of two women. Relator was represented at trial by William A. Dwyer, Jr., Esquire (now Judge Dwyer), while the two co-defendants were represented by William J. Stevens, Jr., Esquire.

---

1. Initially, and out of an excess of caution, we appointed counsel for relator. However, after examining the state record, we found no need for a hearing here. Nor, after doing our own independent research, did we feel it necessary for relator's counsel or the Commonwealth to file briefs. Thus, we will vacate our original order of March 5, 1968 appointing counsel for relator.

2. This is not the official trial transcript, which appears to be missing, but a copy which we have no reason to believe is not 100% accurate.

At trial one of the prosecution's witnesses, Detective Devine, testified as to certain statements made to him by Griffin, a co-defendant. The incriminating portions of these statements, insofar as they pertain to relator, are those parts placing relator at the scene of the alleged rape (T. 129) and acknowledging his having had intercourse with both women (T. 130).

At trial none of the defendants took the stand. Relator argues from this that the testimony by Detective Devine, insofar as it relates to statements made by Griffin which incriminate relator, resulted in a denial of his right to confront (cross-examine) his accuser.

█ Ordinarily, under Pennsylvania law, this testimony would have been excludable as hearsay as to co-defendants Stokes and relator. Commonwealth v. Ellsworth, 409 Pa. 505, 187 A.2d 640 (1963); Commonwealth v. Ott, 154 Pa. Super. 647, 36 A.2d 838 (1944). We also will assume arguendo that Douglas v. Alabama, supra, governs the disposition of this case and therefore relator was denied his right to confront his accuser.

In any event, there is the question as to whether relator waived any claim that he might have on this issue.

█ Although *Douglas* was not yet decided when this case was tried, relator's trial attorney knew that the Pennsylvania hearsay rules would allow relator to be insulated from the effects of this testimony. (P.C.H. 23). Yet he did not object to its admission nor did he ask for a limiting instruction. This was not an oversight but was clearly part of counsel's trial strategy.

Counsel was not unaware of the incriminating portions of the statement. He, however, thought the overall effect was helpful to his defense, i. e., that the intercourse was consensual. (P.C.H. 23). A careful reading of the testimony of Detective Devine insofar as it deals

with Griffin's statement (T. 127 et seq.) generally substantiates counsel's view.[3] Thus, not only did counsel feel that the statement was consistent with the defense of consensual intercourse, a defense concurred in by the relator (P.C. H. 40); he thought it wiser to introduce the defense into evidence in this manner than to put his client on the stand and rather subject him to the potential danger inherent in cross-examination. (P.C. H. 19). This was also the feeling of counsel for Stokes, the third co-defendant. (P.C.H. 19). And, of course, relator's counsel was aware of the content of the statements before Detective Devine took the stand. (P.C.H. 18 and 19).

The seminal decision on waiver during the course of a trial is Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). The Supreme Court in remanding said, at page 451 of 379 U.S., at page 569 of 85 S.Ct.:

"The evidence suggests reasons for a strategic move * * *. If either reason motivated the action of petitioner's counsel, and their plans backfired, counsel's deliberate choice of strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his federal claim either in the state courts or here. * * *"

Furthermore, it does not matter that relator, if given a choice, may have disagreed with counsel's decision not to object.

In Nelson v. People of State of California, 346 F.2d 73 (C.A. 9, 1965), the court held, at page 81:

"* * * only counsel is competent to make such a decision, that counsel must be the manager of the law-suit, that if such decisions are to be made by the defendant, he is likely to do himself more harm than good, and that a contrary rule would seriously impair the constitutional guaranty of the right to counsel. * * * One

---

3. Despite small portions to the contrary, the fair import of the entire statement supports the defense of "consent."

of the surest ways for counsel to lose a law-suit is to permit his client to run the trial. We think that few competent counsel would accept retainers, or appointment \* \* \* to defend criminal cases, if they were to have to consult the defendant, and follow his views, on every issue of trial strategy \* \* \*."

The sum of these cases is that a deliberate choice by counsel during the course of the trial not to interpose an objection where a federal right is being violated will operate as a waiver of that right.[4]

In *Henry*, as here, counsel interposed no contemporaneous objection to the admission of evidence later claimed to have been improper. The only significant difference between the two cases is that here the Sixth Amendment exclusionary rule of *Douglas* and Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) had not been enunciated at the time of trial, whereas the Fourth Amendment right involved in *Henry* had been the law since Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). It is true that where the basis of a valid objection did not exist at the time of trial, the failure to object will not foreclose the subsequent assertion of a federal right enunciated. Counsel are not held to Delphic anticipation of all future decisions that might retroactively affect the case. O'Connor v. Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966); Doby v. Beto, 371 F.2d 111 (C.A.5, 1967); Ledbetter v. Warden, Maryland Penitentiary, 368 F.2d 490 (C.A.4, 1966).[5]

In this case, however, counsel knew that under the Pennsylvania hearsay rules he could have protected his client from Devine's testimony. Yet he deliberately chose to not object because he thought the overall effect would be helpful to his client. The situation confronting counsel would have been no different even if *Douglas* and *Pointer* had been decided at the time of trial.

This, then, is not a case where there was no exclusionary rule, either state or federal, at the time of trial. *Douglas* and *Pointer* merely provided an additional and constitutional basis for exclusion. The important thing is that the *right* was waived; the *ground* upon which the right rested is, to us, unimportant. Cornitcher's counsel, as part of his trial strategy, wanted the co-defendant's statement in evidence. It was the only apparent way of getting the defense of consensual intercourse before the jury without exposing his client to cross-examination. We cannot accept the proposition that counsel would have abandoned what might have been his only available defense if he had known of a constitutional right to do so.

We therefore hold that where, at the time of trial, there exists an independent state right of exclusion of equivalent scope and effect with a later established constitutional right, a deliberate waiver of the state right is also a waiver of the later-born constitutional right.

It is of no consequence that the ultimate result at trial proved to be unfavorable to the relator, for this has no bearing on the issue of waiver. Of

4. In no wise, as we interpret these cases, does this apply at stages other than the trial proper, e. g., entering a guilty plea, waiver of jury trial, decisions as to post-conviction relief, etc., where we feel that defendants, after consultation with their counsel or an explanation by a judge, are in a better position to make a well informed choice. We find support for this view in Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), which, as we read it, concerns itself with a decision that is tantamount to an entering of a guilty plea.

5. Whitus v. Balkcom, 333 F.2d 496 (C.A.5, 1964), is an example of another refusal to find waiver because of failure to object. There, counsel faced the choice of not objecting to systematic exclusion of negroes from juries, or objecting, with the probable result of prejudice. In view of this "Hobson's choice", it was held that failure to object was no waiver. No such dilemma existed here.

course, if counsel's decision was so egregious as to effectively preclude a defendant from having received "effective assistance of counsel" then a defendant may well be entitled to relief on these grounds. However, the ineffective assistance of counsel doctrine is distinct from the waiver doctrine and should not be used to dilute it.[6]

For the foregoing reasons, the writ will be denied.

There is probable cause for appeal.

The court is grateful to Stanley R. Wolfe, Esquire, for his willingness to serve as counsel for the relator.

---

6. And here relator does not question the competency of his trial counsel. (P.C.H. 13).