Commonwealth *v.* Seymour, Petitioner.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph T. McGraw*, Public Defender, for petitioner.

*Robert W. Munley*, Assistant District Attorney, and *Joseph J. Cimino*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 28, 1969 :

Following his plea of guilty to charges of statutory rape and abusing a woman child, petitioner was sentenced to three to six years in prison on December 8. 1964, by the Court of Quarter Sessions of Lackawanna County. At the time of his plea and at his sentencing, petitioner was represented by court-appointed counsel.

In July, 1968, petitioner filed a Post Conviction Hearing Act petition alleging, *inter alia,* the denial of his right to be advised of his right to appeal and the denial of his right to the assistance of competent counsel at the time of his plea. Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180. The court below, at petitioner's request, appointed counsel to assist him with his petition and directed counsel to investigate the allegations of the petition and file a report to assist the court in determining the necessity of an evidentiary hearing.

Counsel complied with this request and reported that "there is no basis for this petition, and it should be dismissed without a hearing." On the basis of this report and its own review of the record, the court dismissed the petition. No appeal was taken from that action.

We must initially disapprove the course of conduct pursued in this PCHA proceeding. The statutory provision that indigent petitioners be represented by counsel in such proceedings does not contemplate that counsel should act as an adjunct to the court in its screening of post-conviction petitions. Rather it contemplates the appointment of an independent attorney who will represent petitioner in a full and complete sense. In these circumstances we hold that petitioner was not represented by counsel in any meaningful sense on his first PCHA petition. It cannot be concluded, therefore, that any issues raised in the first PCHA petition were finally litigated by the adverse decision of the lower court, and the failure of petitioner to appeal. See 19 P.S. §1180-4; *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967).

Twenty days after the denial of his first petition, petitioner filed a second PCHA petition, alleging the same grounds for relief mentioned above. Petitioner again requested the appointment of counsel; this re-

quest was denied, and the petition was dismissed without hearing by the court below on the theory that it was nothing but a repetition of the original petition. After a *per curiam* affirmance of this dismissal by the Superior Court, the present petition for allowance of appeal was brought. The issue raised is whether the dismissal of the petition without an evidentiary hearing was error.

The standard upon which a court must judge whether an evidentiary hearing shall be held is set forth in Section 9 of the Post Conviction Hearing Act: "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer."

In a case not involving a murder charge, an allegation that petitioner was denied the right to appeal following a guilty plea is not a ground for post-conviction relief since the only issues which may be raised may be heard in a collateral proceeding. See *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967).

Accordingly, petitioner's only possible ground for relief is his contention that he was denied the assistance of effective counsel at the time of his guilty plea. Petitioner here alleges that his counsel misinformed him as to the elements of the offense with which he was charged. Since knowledge of the acts which comprise the crime with which an accused is charged is a prerequisite to a knowing and voluntary plea, if petitioner was, in fact, improperly advised of the elements of the offense, the knowing quality of his guilty plea is brought into question. We hold, therefore, that petitioner did allege a fact which, if proven, would entitle him to relief and that he was entitled to an evidentiary hearing on his petition.

The order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of

Lackawanna County with directions to appoint counsel for petitioner and to hold an evidentiary hearing on the question of whether or not the legal representation at the time of entering the guilty plea was effective.