**UNITED STATES of America ex rel. Herbert CORNITCHER**

v.

**Alfred T. RUNDLE, Superintendent.**

**Civ. A. No. 70-1417.**

United States District Court,
E. D. Pennsylvania.

July 28, 1970.

---

Herbert Cornitcher, pro se.

Arlen Specter, Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Habeas corpus. Relator attacks his May 22, 1963, conviction for rape, Bill of Indictment No. 186, August Sessions, 1962, Philadelphia County, on the grounds that (1) he lost his right of appeal because retained counsel abandoned him after sentencing when he, relator, became indigent; (2) he was denied a fair trial because the prosecutor used a mentally incompetent witness, the prosecutrix; and (3) the prosecutor suppressed evidence favorable to relator. Relator has attacked this conviction on federal habeas corpus before, United States ex rel. Cornitcher v. Myers, 253 F.Supp. 763 (E.D.Pa.1966); United States ex rel. Cornitcher v. Rundle, 285 F.Supp. 625 (E.D.Pa.1968), aff'd 406 F.2d 773 (C.A.3, 1969), but has not yet urged any of the grounds asserted in this petition.[1] Only one of these alleged constitutional defects in his conviction, set out as (1) *supra*, has been presented to the state courts in a petition under the Pennsylvania Post Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180-1 *et seq.* That petition was denied on February 9, 1970, without a hearing. Under our decision in United States ex rel. Bowen v. Mazurkiewicz, 309 F.Supp. 2 (E.D.Pa.1970), relator has not exhausted his remedies on this claim because he has failed to appeal that denial and has not sought a state determination whether he can now appeal *nunc pro tunc*. See United States ex rel. Bowen v. Mazurkiewicz, 315 F.Supp. 789 (E.D.Pa. filed June 9, 1970). Since as to none of the claims in this petition has relator exhausted his state remedies within the meaning of 28 U.S.C. § 2254(b), the petition is dismissed.

It is so ordered.

There is no probable cause for appeal.

---

1. Relator has used the first ground asserted above as the basis for a suit against his trial attorney under the Civil Rights Act of 1871, but that action was barred by the statute of limitations. United States ex rel. Cornitcher v. Dwyer, Civ. No. 68-2102 (E.D.Pa. filed Dec. 26, 1968).