## Commonwealth v. Haywood, Petitioner.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

No oral argument was made nor brief submitted for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 7, 1971:

Petitioner, while represented by counsel, pleaded guilty to charges of aggravated robbery, carrying a concealed deadly weapon and assault with intent to kill. He was duly convicted and sentenced. The present petition for allocatur stems from the affirmance by the Superior Court, without opinion, of the dismissal of Haywood's second petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180 et seq. In dismissing the PCHA petition, the hearing court refused to consider, *inter alia,* Haywood's allegation that his guilty plea had been unlawfully induced for the reason that that issue had been finally litigated in connection with Haywood's first PCHA petition. The first petition, however, had been dismissed without the appointment of counsel or an evidentiary hearing. Where a PCHA petitioner is not represented by counsel an adverse decision on his petition is not a final litigation of the issues there presented within the meaning of Sec. 4 of the Post Convic-

tion Hearing Act. *Commonwealth v. Seymour*, 436 Pa. 159, 161, 259 A. 2d 676 (1969) ; *Commonwealth v. Johnson*, 212 Pa. Superior Ct. 158, 162, 239 A. 2d 867 (1968).

The petition for allocatur is, therefore, granted, the order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Philadelphia for consideration on its merits of Haywood's allegation that his guilty plea was unlawfully induced.

Mr. Justice COHEN took no part in the decision in this case.