Commonwealth *v.* Newsome, Appellant.

Submitted May 24, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Charles F. G. Smith,* for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

This is an appeal from an order entered below denying without hearing appellant's petition for post-conviction relief from the judgment of sentence imposed following his conviction by a jury in Dauphin County, on June 5, 1963, of murder in the second degree.

Following his conviction and sentence, Newsome did not appeal. In 1965, he alleged in habeas corpus proceedings that he had been unlawfully deprived of his

appeal rights, but after an evidentiary counseled hearing[1] the trial court ruled that since Newsome had been fully and timely advised of his right to appeal, he knowingly and intelligently waived this right. We subsequently affirmed this ruling, 428 Pa. 141, 236 A. 2d 763 (1968).

The only reasons asserted in the instant petition why relief should be granted are: (1) Petitioner's arrest was illegal because it was based on the coerced statement of his girl friend; (2) The trial court erred in denying a motion to sequester the witnesses at trial; and, (3) Petitioner's right to be tried by an impartial jury was prejudiced because a prospective juror (who was excused for cause) stated during voir dire examination in the hearing of the entire panel that "according to my mind, I think the man is guilty." These complaints are not cognizable in a collateral attack on the conviction and judgment. They pertain to trial error which may be challenged only in a direct appeal. And as noted before, we have ruled that Newsome knowingly and intelligently waived his right to such an appeal.

Order affirmed.

---

[1] We ordered this hearing. See 422 Pa. 240, 220 A. 2d 886 (1966).