Commonwealth *v.* Cornitcher, Appellant.

Submitted November 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Andrea Levin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Deborah E. Glass* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 25, 1972:

Appellant Herbert Cornitcher was convicted, after trial by jury in 1963, of conspiracy, carrying a concealed deadly weapon, aggravated assault and battery, assault and battery with intent to ravish, indecent as-

542

sault, and rape. He was sentenced to four to eight years on the rape indictment, and sentence was suspended on the remaining indictments.

On April 3, 1970, appellant filed a pro se petition for post-conviction relief,[1] alleging that he had recently discovered that one of the jurors at his trial had been personally prejudiced against him. On May 29, 1970, after a hearing held solely to determine whether appellant had waived his right to assert his prejudiced-juror claim,[2] appellant's petition was dismissed. At the hearing, appellant's counsel attempted to make certain amendments to appellant's pro se petition, but the hearing court denied his request. The Superior Court affirmed the dismissal of appellant's petition in a per curiam order, with Judges HOFFMAN, SPAULDING, and CERCONE dissenting. *Commonwealth v. Cornitcher*, 217

[1] Appellant's petition was filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1970) (hereinafter referred to as P.C.H.A.).

[2] There is no record of an order limiting the May 29, 1970, hearing solely to the question of waiver, and the only statement that the hearing judge made in dismissing appellant's petition was: "In consideration of everything, your Petition is dismissed with the right of appeal within thirty days." However, our review of the record convinces us that the May 29, 1970, hearing was in fact limited to the question of waiver. The only ground that the Commonwealth asserted in its answer to petitioner's request for Post Conviction relief was waiver. The Commonwealth claimed: "1. Petitioner's present petition must be dismissed. A full opinion was written by the Honorable Ethan Allen Doty on petitioner's last petition. See Opinion of December 17th, 1969. WHEREFORE, the Commonwealth hereby requests that this petition be summarily dismissed." Commonwealth's Answer to Petition for Post Conviction Relief (April 9, 1970). Moreover, at the May 29 hearing the assistant district attorney framed the issue presented as follows: "Now, we have a third Petition. He waived the filing of those grounds. The only question that he could properly raise here would be if there are any extraordinary circumstances involved."

Pa. Superior Ct. 869, 272 A. 2d 189 (1970).[3] Subsequently this Court granted allocatur.

Appellant argues before this Court that the hearing court improperly dismissed his petition on the grounds of waiver, and improperly refused defense counsel's request to file amendments to appellant's pro se petition. We agree with appellant. Accordingly, we reverse the order of the Superior Court and vacate the order of the hearing court. The record is remanded to the hearing court with direction to allow counsel's amendments to appellant's pro se petition and with direction to hold a hearing on the merits of appellant's prejudiced-juror claim.

## I. The Rejected Amendments

At the start of appellant's May 29, 1970, PCHA hearing, appellant's counsel requested permission to make certain amendments to appellant's pro se petition.[4] This request was denied by the court. Appellant alleges that he would amend his petition to include, inter alia, a claim under *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968).[5]

---

[3] Judges Hoffman, Spaulding, and Cercone indicated that they "would remand for an amended PCHA petition."

[4] We agree with appellant that the notes of testimony of the May 29, 1970, hearing are obviously inaccurate in a number of respects, and perhaps even incomplete, thus compounding the difficulty of this Court's review of appellant's claims.

[5] Since the hearing judge rejected petitioner's counsel's request to amend petitioner's pro se petition apparently without any knowledge of what claims would have been introduced by way of amendment, it is actually unnecessary for us to consider the merits of the claims which petitioner, on appeal, indicated that he would have introduced by way of amendment. However, in light of the assertion in the Chief Justice's dissenting opinion that petitioner's claim under *Bruton v. United States* has been "finally litigated" within the meaning of the Post Conviction Hearing Act, PCHA

§4(a), 19 P.S. §1180-4(a), we believe that it is appropriate to indicate our disagreement with that assertion.

The petition that is now before us represents petitioner's third attempt to obtain relief under the Post Conviction Hearing Act. In his first petition, petitioner claimed that a co-defendant's confession had been unlawfully introduced against him at his trial. This petition was denied on April 3, 1967, after a hearing in the Philadelphia Common Pleas Court at which petitioner was represented by counsel. An appeal was taken from this decision to the Superior Court which affirmed the hearing court's denial on October 27, 1967. *Commonwealth v. Cornitcher*, 211 Pa. Superior Ct. 710, 234 A. 2d 223 (1967). On January 3, 1968, this Court denied allocatur as of No. 470-A Miscellaneous Docket No. 15.

On May 20, 1968, the United States Supreme Court in *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, overruled its previous decision in *Delli Paoli v. United States*, 352 U.S. 232, 77 S. Ct. 294 (1957), and held that admission of the confession of a nontestifying co-defendant implicating the defendant violates the Confrontation Clause of the Sixth Amendment. On June 10, 1968, in *Roberts v. Russell*, 392 U.S. 293, 88 S. Ct. 1921, the Supreme Court expressly held that *Bruton* was applicable to the states and is to be applied retroactively.

On November 20, 1968, appellant filed his second PCHA petition. This petition was dismissed by the common pleas court with the following holding: "Since all issues raised by defendant in this present petition have been finally litigated and moreover raised and disposed of in prior post conviction proceedings, it is clear that defendant's present petition must be dismissed without a hearing." A review of the record clearly establishes that no counsel was appointed to assist petitioner with his second PCHA petition. There is absolutely no indication in the record that counsel was appointed to assist petitioner in this proceeding. Moreover, the Post Conviction Hearing Act only requires that counsel be appointed when the trial court concludes that a hearing is required on the petition, PCHA §12, as amended, 19 P.S. §1180-12 (Supp. 1971), and here no hearing was held.

Petitioner's *Bruton* claim cannot be regarded as finally litigated by virtue of his first PCHA petition, for that petition was dismissed by the hearing court, and the hearing court's dismissal was affirmed by the Superior Court *before Bruton* was decided. As we noted in *Commonwealth v. Gates*, 429 Pa. 453, 457, 240 A. 2d 815, 817 (1968), an issue will not be regarded as finally litigated if there have been "retroactive changes in the applicable law." The

Section 7 of the Post Conviction Hearing Act[6] states: "The court may grant leave to amend or withdraw the petition at any time. *Amendment shall be freely allowed in order to achieve substantial justice.* No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." (Emphasis added.)

Appellant, in light of Section 7's mandate that amendments be "freely allowed," contends that it was

---

Post Conviction Hearing Act expressly recognizes this aspect of the finality rules by providing for relief on a showing of: "The abridgement . . . of any right guaranteed by . . . the Constitution or laws of the United States, *including a right that was not recognized as existing at the time of trial if the constitution requires retrospective application of that right.* . . ." PCHA §3(12), 19 P.S. §1180-3(12) (emphasis added). See *Commonwealth v. Bonaparte*, 210 Pa. Superior Ct. 93, 95, 232 A. 2d 12, 13 (1967).

Nor can petitioner's claim be regarded as finally litigated by virtue of his second PCHA petition, even though that petition was filed subsequent to *Bruton*. In the first place, in order for an issue to be regarded as finally litigated in a certain proceeding, the Post Conviction Hearing Act requires that there be a "ruling on the merits of the issue" in that proceeding. PCHA §4(a), 19 P.S. §1180-4(a) (Supp. 1971). Here, where no hearing was held and where the trial judge, rather than reaching the merits of petitioner's claims, ruled *only* that all of petitioner's claims had been "finally litigated," there was certainly no "ruling on the merits" of petitioner's *Bruton* claim.

In the second place, petitioner's *Bruton* claim cannot be regarded as finally litigated by virtue of his second PCHA petition because *no counsel was appointed* to assist petitioner with that petition. We have expressly held: "Where a PCHA petitioner is not represented by counsel an adverse decision on his petition is not a final litigation of the issues there presented within the meaning of Sec. 4 of the Post Conviction Hearing Act. Commonwealth v. Seymour, 436 Pa. 159, 161, 259 A. 2d 676 (1969) : Commonwealth v. Johnson, 212 Pa. Superior Ct. 158, 162, 239 A. 2d 867 (1968)." *Commonwealth v. Haywood*, 441 Pa. 177, 178-79, 272 A. 2d 727 (1971).

6 Act of January 25, 1966, P. L. (1965) 1580, §7, 19 P.S. §1180-7 (Supp. 1970).

error for the hearing court to refuse to permit amendments proposed by counsel to his pro se petition. The Commonwealth apparently argues that Section 7 permits amendments to eliminate defects in particularity, but does not permit additional issues to be raised by amendment.

There is absolutely no support in the language of Section 7 for the Commonwealth's contention. In fact, Rule 1506 of the Pennsylvania Rules of Criminal Procedure, adopted to implement the Post Conviction Hearing Act, clearly indicates that additional issues may be raised by amendment. That rule states in relevant part: "When the court grants a post conviction hearing, it shall . . . [h]old a hearing which may extend only to the *issues raised in the petition* or *amended petition*. . . ." (Emphasis added.)

Moreover, to ban amendments if they raise additional issues would completely undermine the major purpose of the Post Conviction Hearing Act—to discourage piecemeal litigation of post-conviction claims. A large majority of PCHA petitions are composed either by the prisoner or by a jail house lawyer. In many instances counsel is not appointed until after the court receives the petition. Frequently, after talking with the prisoner and reviewing the transcript of the trial, counsel realizes that there are additional meritorious issues to be raised. If amendments raising issues not included in prisoners' pro se petitions were prohibited, we would be unable to presume that petitioner knowingly and understandingly waived those issues. For as we stated in *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968) : "[W]aiver may be *presumed* only where the petitioner had counsel at the time the waiver allegedly occurred." Id. at 455, 243 A. 2d at 442. See *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968).

Perhaps there may be some circumstances where a court may properly refuse amendments to PCHA petitions. But in the case at hand there was absolutely no apparent reason to do so. In fact, the hearing judge seemed to be operating under the mistaken impression that issues not raised in one petition could automatically be raised in a later petition. Consequently, we conclude that petitioners should have been permitted to amend his petition to include the additional issues.

## II. The Prejudiced-Juror Claim

There are two conceivable theories upon which the hearing court might have based its determination that appellant waived his right to assert his prejudiced-juror claim.[7] First, the court might have concluded that appellant waived his right to assert his claim by failing to raise it at trial or in subsequent court proceedings. See Act of January 25, 1966, P. L. (1965) 1580, §4(b)(1), 19 P.S. §1180-4(b)(1). Second, the court might have concluded, as the Commonwealth argues on this appeal, that defense counsel's failure to ask questions on voir dire which may have brought to light the alleged prejudice of the juror prevents appellant from now raising the claim. See *Commonwealth v. Aljoe,* 420 Pa. 198, 205-07, 216 A. 2d 50, 54-55 (1966). However, upon analysis, neither of these theories can support a finding that appellant waived his right to assert his prejudiced-juror claim.

The PCHA petition that is presently before us represents appellant's third attempt to secure post-convic-

---

[7] Unfortunately, the hearing court did not write an opinion in support of its order dismissing appellant's petition. However, appellant apparently did not serve upon the hearing court any notice of his appeal as required by the Rules of the Supreme Court of Pennsylvania, Rule 63.

tion relief in our state courts. After a hearing on February 21, 1967, appellant's first PCHA petition was dismissed, and that dismissal was affirmed by the Superior Court on January 5, 1968. Appellant's second petition was dismissed without a hearing on December 17, 1969, and no appeal was taken from that dismissal. In neither of these petitions did appellant raise the prejudiced-juror claim which he now asserts.

However, at the hearing on the petition that is now before us, appellant testified that before his trial he had an altercation with a man who lived on Cedar Avenue in Philadelphia. After his trial, appellant was told by a fellow prisoner that this man whom appellant had fought had been a juror at appellant's trial. Appellant had not recognized the juror at the time of his trial since appellant had been intoxicated at the time of the fight.

Appellant thereupon contacted a Mr. Pepp of the Defender Association of Philadelphia. Mr. Pepp forwarded to appellant a list purporting to include the names of all of the jurors at appellant's trial. This list was offered into evidence at the hearing below. Since the name of the individual who lived on Cedar Avenue, and with whom appellant allegedly had the altercation, did not appear on this list, appellant did not raise the prejudiced-juror claim in his first or second PCHA petition.

However, appellant subsequently requested and obtained a second list of the jurors at his trial from the court clerk. This second list contained a name which had not appeared on the first list. Appellant alleged that the individual who was named in the second list but not in the first list was the man from Cedar Avenue with whom he had fought prior to his trial.

If appellant's testimony is believed, it is clear that he cannot now be regarded as having waived his preju-

diced-juror claim on the ground that he "knowingly and understandingly failed to raise it *and it could have been raised* before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this act. . . ." Act of January 25, 1966, P. L. (1965) 1580, §4(b)(1), 19 P.S. §1180-4(b)(1) (Supp. 1970) (emphasis added). Since appellant was not aware of the alleged presence of the prejudiced juror at his trial until after he had filed his first and second PCHA petitions, he "could not" have raised the issue previously. Since no reason appears on the record to disbelieve appellant's testimony, and since we have no indication that the hearing judge disbelieved appellant's testimony, we conclude that appellant cannot be regarded as having waived his claim under §4(b)(1) of the Post Conviction Hearing Act.

However, the Commonwealth, relying on *Commonwealth v. Aljoe,* 420 Pa. 198, 205-07, 216 A. 2d 50, 54-55 (1966), argues that appellant's counsel failed to ask questions on voir dire which may have brought to light the alleged prejudice of the juror, and that this failure bars appellant from raising his claim.

In *Aljoe* we did announce the rule that: " 'It is the duty of the parties to ascertain, by proper examination at the time the jury is empaneled, the existence of any reason for objection to the jurors. . . . [T]he failure to do so and to make objection at the proper time operates as a waiver . . .' . . . ." 420 Pa. at 206-07, 216 A. 2d at 55.

However, we further noted in *Aljoe:* " '. . . That waiver may be relieved against when the party affected has been intentionally misled or deceived by the juror . . .' . . . ." 420 Pa. at 206, 216 A. 2d at 55.

The flaw in the Commonwealth's argument is that the record of appellant's trial does not indicate wheth-

er or not appellant's counsel asked questions which, if answered truthfully, would have brought to light the alleged prejudice of the juror. The record of the voir dire, set forth in relevant part below,[8] indicates only that appellant's counsel did not challenge any jurors. The record does not indicate whether or not appellant's counsel put any questions to the jury. In fact, it appears from the record that some questions were asked by counsel for a co-defendant and were not recorded.

At the hearing on appellant's petition, there was no attempt by either appellant or the Commonwealth to introduce any further evidence as to what transpired at the voir dire. Therefore, the determinative question is who has the burden of proving compliance or noncompliance with the requirements of *Aljoe?*

We note initially that the right to an "impartial" jury is not only guaranteed by the Constitution of the Commonwealth of Pennsylvania,[9] but the Sixth Amend-

---

[8] Mr. Dwyer was trial counsel for appellant, and Mr. Stevens was counsel for two co-defendants: "THE COURT: Mr. Dwyer, in your absence and while awaiting your appearance yesterday afternoon, and also in view of the fact that this case was listed, we called a jury. The jury is there for your inspection. In the interest of your client, if you desire to have a new jury called, we will do it. Otherwise, you can do whatever you wish or make any challenges so that we can get the matter underway. STENOGRAPHER'S NOTE (Juror No. 64, Walter J. Trojak was challenged by Mr. Stevens, counsel for the defense, and Juror No. 47, Nello Paglieri was substituted for him.) MR. STEVENS: If Your Honor please, the jury is now satisfactory. MR. DWYER: The jury is satisfactory to me."

[9] Article I, Section 9, of the Constitution of the Commonwealth of Pennsylvania states in part: "In all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury. . . ."

Moreover, it has long been the law of Pennsylvania that if a juror on his voir dire has misled the defendant and was in actuality prejudiced against the defendant, relief will be given by

ment's guarantee of an impartial jury[10] has been applied to the states through the Due Process clause of the Fourteenth Amendment.[11] As the United States Supreme Court held in *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S. Ct. 1639, 1642 (1961) : "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process. . . . 'A fair trial in a fair tribunal is a basic requirement of due process.' In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942."

Two cases from the Third Circuit illustrate that the due process guarantee of an impartial jury invalidates criminal trials where even a single juror is discovered to have been partial or prejudiced against the defendant. In *United States ex rel. DeVita v. McCorkle*,[12] the Court of Appeals ordered a new trial when it was discovered that a juror at the defendant's trial had concealed the fact that he had recently been robbed in the same vicinity and in a fashion similar to the robbery murder of which defendant was accused. In *United States ex rel. Fletcher v. Cavell*,[13] a case arising from

the granting of a new trial. See, e.g., *Commonwealth v. McCloskey*, 273 Pa. 456, 460-61, 117 Atl. 192, 193 (1922).

[10] The Sixth Amendment to the Constitution of the United States guarantees that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ."

[11] In addition to the holding in *Irvin v. Dowd*, which appears in the text, see *Witherspoon v. Illinois*, 391 U.S. 510, 518, 88 S. Ct. 1770, 1775 (1968) ; *Turner v. Louisiana*, 379 U.S. 466, 470-72, 85 S. Ct. 546, 548-49 (1965) ; cf. *Duncan v. Louisiana*, 391 U.S. 145, 88 S. Ct. 1444 (1968).

[12] 248 F. 2d 1 (3d Cir.), cert. denied, 355 U.S. 873, 78 S. Ct. 121, rehearing denied, 355 U.S. 908, 78 S. Ct. 329 (1957).

[13] 287 F. 2d 792 (3d Cir.), cert. denied, 366 U.S. 944, 81 S. Ct. 1672 (1961), cert. denied, 370 U.S. 960, 82 S. Ct. 1616 (1962). This

the Pennsylvania state courts, a juror at the defendant's trial was discovered to have been the son-in-law of a prosecution witness. The court concluded that the presence of the juror violated the defendant's rights under the Fourteenth Amendment, and ordered a new trial. These cases make it clear that in asserting that a juror at his trial was personally prejudiced against him as a result of a fight in which the two had engaged, appellant is alleging a violation of his federal constitution right to an impartial jury.

In determining whether appellant, through the inaction of his counsel,[14] waived his federal constitution right to an impartial jury, federal standards of waiver must be applied. See, e.g., *Commonwealth v. Jones,* 447 Pa. 228, 230, 286 A. 2d 892, 893 (1971) ; *Commonwealth v. Norman,* 447 Pa. 217, 221, 285 A. 2d 523, 525 (1971) ; *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969) ; *Fay v. Noia,* 372 U.S. 391, 439, 83 S. Ct. 822, 849 (1963) ; *Rice v. Olson,* 324 U.S. 786, 791, 65 S. Ct. 989, 992 (1945) ; *Harris v. Brewer,* 434 F. 2d 166, 168 (8th Cir. 1970) ; *United States ex rel. Snyder v. Mazurkiewicz,* 413 F. 2d 500, 502 n.7 (3d Cir. 1969).

The federal standards of waiver that control this case are quite explicit. As early as 1938, in *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, the United States Supreme Court pointed out that " 'courts indulge every reasonable presumption against waiver' of

---

Third Circuit case ordered a new trial after we had denied the defendant a new trial in *Commonwealth ex rel. Fletcher v. Cavell,* 395 Pa. 134, 149 A. 2d 434 (1959). Thus the Commonwealth's reliance on our decision for the proposition that even if appellant proved his prejudiced-juror claim, he would not be entitled to relief, is totally incorrect.

[14] Our disposition of appellant's prejudiced-juror claim makes it unnecessary for us to consider appellant's argument that a failure by defense counsel to ask any questions on voir dire constitutes ineffective assistance of counsel.

fundamental constitutional rights and . . . we 'do not presume acquiescence in the loss of fundamental rights.' " Id. at 464, 58 S. Ct. at 1023.[15] In 1962, the United States Supreme Court expressly held that in cases such as the one before us, where the record is silent on whether or not a waiver of a federal constitutional right occurred, it is impermissible to place the burden of proving nonwaiver on defendants. The Court stated in unequivocal terms in *Carnley v. Cochran*, 369 U.S. 506, 82 S. Ct. 884 (1962), that: "Presuming waiver from a silent record is impermissible." Id. at 516, 82 S. Ct. at 890. Thus we are constitutionally unable, in this case where the record is silent on whether the requirement of *Aljoe* was met, to place the burden of proving compliance with *Aljoe* on appellant.

The mandate of *Carnley v. Cochran* is not one with which this Court is unfamiliar. Rather, we have recognized our constitutional obligation to follow it on a multitude of occasions. See, e.g., *Commonwealth v. Jones*, 447 Pa. 228, 231, 286 A. 2d 892, 893 (1971) and cases cited therein; *Commonwealth v. Norman*, 447 Pa. 217, 222, 285 A. 2d 523, 526 (1971); *Commonwealth v. Bower*, 442 Pa. 379, 383, 275 A. 2d 109, 111 (1971); *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 199, 236 A. 2d 781, 784 (1968); *Commonwealth ex rel. Edowski v. Maroney*, 423 Pa. 229, 236, 223 A. 2d 749, 753 (1966); *Commonwealth ex rel. Wright v. Cavell*, 422 Pa. 253, 258, 220 A. 2d 611, 614 (1966).

Since the burden of proving noncompliance with *Aljoe*, in cases such as this one where the record is silent, must be placed on the Commonwealth, and since the Commonwealth failed to meet that burden, we must reject the Commonwealth's argument that appellant,

---

[15] See *Commonwealth ex rel. Edowski v. Maroney*, 423 Pa. 229, 236, 223 A. 2d 749, 753 (1966); *United States ex rel. Linde v. Brierley*, 437 F. 2d 324, 326 (3d Cir. 1970).

pursuant to *Aljoe*, has waived his right to assert his prejudiced-juror claim.

Accordingly, the order of the Superior Court is reversed and the order of the hearing court is vacated. The record is remanded to the hearing court with direction to allow counsel's amendments to appellant's pro se petition and with direction to hold a hearing on the merits of appellant's prejudiced-juror claim.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE POMEROY:

I concur in that part of the Court's opinion which directs that the case be remanded to the hearing court to allow amendment of appellant's pro se PCHA petition. As I read the record of the post-conviction hearing held on May 29, 1970, however, the hearing judge considered and rejected on the merits appellant's prejudiced-juror claim. Thus I disagree with that portion of the Court's mandate which orders a hearing to be held on that issue.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

For a variety of reasons, I believe the PCHA judge properly refused appellant's amendments and that a further evidentiary hearing on the prejudiced-juror claim is unnecessary. While repeated requests for post-conviction relief do not, standing alone, have any legal significance, it should be noted that appellant is no stranger to the judicial process. *United States ex rel. Cornitcher v. Rundle*, 315 F. Supp. 1300 (E.D. Pa. 1970); *United States ex rel. Cornitcher v. Rundle*, 285 F. Supp. 625 (E.D. Pa. 1968), aff'd, 406 F. 2d 773 (3d Cir. 1969); *United States ex rel. Cornitcher v. Myers*, 253 F. Supp. 763 (E.D. Pa. 1966); *Com. v. Cornitcher*, 211 Pa. Superior Ct. 710, 234 A. 2d 223 (1967); *Com. ex rel. Cornitcher v. Myers*, 206 Pa. Superior Ct. 725,

212 A. 2d 455 (1965). In addition to these reported opinions, this Court denied allocatur once before, the United States District Court for the Eastern District of Pennsylvania considered and dismissed a civil rights action brought by appellant against his trial attorney, *United States ex rel. Cornitcher v. Dwyer,* Civ. No. 68-2102, and the record reveals four unreported opinions by the Philadelphia Court of Common Pleas.

## I. The Prejudiced-Juror Claim

It would appear to me that this claim is not cognizable under the Post Conviction Hearing Act. The appellant in *Com. v. Newsome,* 444 Pa. 586, 281 A. 2d 904 (1971), had knowingly and intelligently waived his right to a direct appeal, *Com. ex rel. Newsome v. Myers,* 428 Pa. 141, 236 A. 2d 763 (1968), and sought post-conviction relief by alleging, *inter alia,* that he was convicted by a prejudiced jury. Speaking for a unanimous Court, Mr. Justice EAGEN stated: "These complaints are not cognizable in a collateral attack on the conviction and judgment. They pertain to trial error which may be challenged only in a direct appeal." 444 Pa. at 588, 281 A. 2d at 905. Although there is no prior opinion by this Court dealing with appellant's failure to prosecute a direct appeal, this argument was previously presented by appellant in a counselled PCHA petition and rejected by the Philadelphia Court of Common Pleas and appellant never appealed that denial. Thus, it appears to me that appellant's position is identical to Newsome's and the results in these cases should be identical.

A second, and perhaps more fatal, defect in the majority opinion is the assumption that the PCHA judge denied relief on the prejudiced-juror claim due to either a Section 4 waiver or appellant's failure to ask ques-

tions on voir dire which may have indicated the alleged juror's alleged bias. Although we do not have the benefit of an opinion from the PCHA judge due to appellant's failure to comply with Supreme Court Rule 63, it appears to me that the decision of the PCHA judge to deny relief rests not on either waiver theory but rather on the merits. Of course, if this prejudiced-juror claim has been fully considered and rejected, it would be unnecessary to remand for a further evidentiary hearing.

If the PCHA judge relied on a Section 4 waiver, the hearing afforded appellant was unnecessary since we have held that a PCHA hearing is not required when the issues raised in the petition have been waived under Section 4 of the Act. *E.g., Com. v. Williams,* 437 Pa. 526, 263 A. 2d 127 (1970). The mere fact that a hearing was conducted, indeed *ordered* by the Administrative Judge of the Trial Division of the Philadelphia Court of Common Pleas, leads me to the inescapable conclusion that the decision of the PCHA judge was not bottomed on a Section 4 waiver. Nor do I believe that relief was denied due to a failure to question the jurors on voir dire. Nowhere in the transcript of the PCHA hearing is there any mention of the fact that defense counsel failed to adequately question the jurors on voir dire. Since this point was never discussed at the hearing, I do not believe the PCHA judge relied on this "waiver" theory.

In support of my position that the PCHA judge ruled on the merits of the prejudiced-juror claim, it should be noted that the PCHA judge, after hearing argument concerning a Section 4 waiver, stated, "[l]et us go on and see what he has to say." Moreover, the PCHA judge made no decision on appellant's petition until after appellant completed his testimony. Lastly, two interruptions of appellant's testimony by the PCHA

judge indicate a total rejection of appellant's claim. Accordingly, I am of the opinion that the PCHA judge ruled on the merits and that a further evidentiary hearing would be both futile and unnecessary.

## II. The Rejected Amendments

Although I recognize the general principle that amendments should be freely allowed, I do not believe that we should permit amendments raising claims that have been finally litigated or are patently frivolous.

Turning first to the claim under *Bruton v. United States*, 391 U.S. 123 (1968), it should be noted that this claim was raised in appellant's first petition and rejected by the Philadelphia Court of Common Pleas; the decision of the Common Pleas Court was subsequently affirmed by the Superior Court, 211 Pa. Superior Ct. 710, 234 A. 2d 223 (1967).

Since appellant was represented by counsel in his first petition, that issue would be finally litigated, *Com. v. Wilson*, 444 Pa. 433, 283 A. 2d 78 (1971), except for the fact that the dismissal of the first petition predates *Bruton* which is fully retroactive, *Roberts v. Russell*, 392 U.S. 293 (1968), and we have held the "finally litigated" concept to be inapplicable when dealing with retroactive rulings. *Com. v. Gates*, 429 Pa. 453, 240 A. 2d 815 (1968). However, contrary to footnote five of the majority opinion, I believe the *Bruton* claim is finally litigated due to the presence of this argument in appellant's second PCHA petition. The majority's initial contention—a dismissal of this third petition as finally litigated is improper since the second petition was not denied on the merits—ignores the fact that appellant could have appealed the denial of the second petition. *See, Com. v. Black*, 433 Pa. 150, 249 A. 2d 561 (1969). Acceptance of the majority's argument

violates the overriding philosophy of section 4: avoidance of multiple petitions raising the same issue and piecemeal litigation. The majority's second argument that the second petition was uncounselled is only a matter of perspective: while there is no indication that counsel was appointed, there is also no indication that counsel was not appointed. Since the record does demonstrate that appellant had counsel* in all of the other actions cited in the first paragraph of this dissent, I tend to think that the second PCHA petition was counselled. To allow an amendment under these circumstances is most unwise.

In a similar manner, I do not believe a "tacit admission" amendment should be allowed. Notwithstanding our prohibition of tacit admissions in *Com. v. Dravecz,* 424 Pa. 582, 227 A. 2d 904 (1967), we have indicated that the rationale of *Dravecz* is inapplicable to cases where the judgment of sentence was finalized before *Miranda v. Arizona,* 384 U.S. 436 (1966). *E.g., Com. v. Little,* 432 Pa. 256, 248 A. 2d 32 (1968). Since this is a collateral attack on a 1963 conviction and not a direct appeal, this claim is patently frivolous. I am of the opinion that an amendment under these circumstances should not be granted.

---

* In several instances, the petitions and opinions do not note the presence of counsel but I can ascertain the presence of counsel due to motions and stipulations.