340 A.2d 453

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory Raphael PIERCE, Appellant.**

Supreme Court of Pennsylvania,

Submitted Jan. 13, 1975.

Decided July 7, 1975.

David Zwanetz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

On August 16, 1971, the appellant, Gregory Raphael Pierce, while represented by court-appointed counsel entered pleas of guilty in Philadelphia to a charge of murder; four charges of aggravated robbery; three charges of aggravated assault and battery; and, conspiracy. Following a hearing, the trial court found Pierce guilty of murder in the second degree and imposed a prison sentence of 10 to 20 years. Additional prison sentences of 5 to 10 years were imposed on each of the robbery convictions, but it was directed that these sentences be served concurrently with the sentence imposed on the murder conviction. No appeal was entered.

On April 23, 1973, Pierce filed an uncounseled petition seeking post conviction relief. Therein, he alleged his guilty pleas were unlawfully induced, and his trial counsel was ineffective. He also stated his trial counsel "left me abandoned with no means to pursue an appeal and he would not furnish me with any pertinent records". On May 8th, the Commonwealth filed an answer to the petition. On July 19th, Pierce filed an uncounseled petition requesting permission to amend and clarify his petition of April 23rd. On January 31, 1974, the trial court entered an order and opinion dismissing the petition for post conviction relief without a hearing. The court ruled that Pierce's allegation his guilty pleas were not validly entered was contradicted by the record of the plea proceedings. The court did not discuss the ineffective counsel allegation, nor the petition to amend and clarify. On March 15th, we granted Pierce the right to file an appeal "nunc pro tunc". Eo die this appeal was entered. The appeal was submitted without oral argument, but a counseled brief was filed on behalf of Pierce.

The order of the trial court will be vacated, and the record remanded with directions to grant Pierce permission to file an amended counseled petition. See *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972).

It is so ordered.