Commonwealth *v.* Blanton, Appellant.

Submitted April 19, 1971. Before Jones, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Michael M. Baylson,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, January 20, 1972:

This case is before us on a direct appeal *nunc pro tunc* from the judgment of sentence entered in 1950, and from the order of the lower court entered March 29, 1971 denying relief under the Post Conviction Hearing Act except as to petitioner's right to appeal. The appeal challenges, inter alia, the interrogation on cross-examination of appellant concerning prior convictions, as having been in violation of the Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711. Subsequent to submission of the appeal to us, appellant has filed a petition to remand to the post-conviction hearing court to give opportunity to attempt to prove that the appellant was not represented by counsel at the proceedings resulting

in said prior convictions, and so is entitled to the benefit of the rule enunciated in *Commonwealth v. Bower*, 442 Pa. 379, 275 A. 2d 109 (1971), a case decided since the filing of the present appeal. Upon consideration, and in the interest of conserving judicial time and avoiding further post-conviction litigation, we have concluded that the petition to remand should be granted. We therefore make no decision at this time on the merits of the appeal. Accordingly, this case is remanded to the Post Conviction Hearing Act court for an evidentiary hearing to determine whether or not defendant's prior convictions which were introduced into evidence at trial were counseled. *Commonwealth v. Bower*, supra. See also *U. S. v. Tucker*, 404 U.S. 935 (1971); and *Burgett v. Texas*, 389 U.S. 109 (1967). If it is found that defendant was not represented by counsel in connection with his prior convictions, a new trial shall be granted; otherwise this appeal shall be reinstated for further consideration and disposition.

Former Mr. Chief Justice BELL and former Mr. Justice BARBIERI took no part in the consideration or decision of this case.