344 A.2d 797
**COMMONWEALTH of Pennsylvania**

v.

**Wilbur CALVERT, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 8, 1974.

Decided Oct. 3, 1975.

Richard Peter Krill, Public Defender, Waynesburg, for appellant.

No appearance for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Wilbur Calvert, pleaded guilty to charges of burglary and larceny and was sentenced on March 30, 1968, to ten to twenty years imprisonment. No post-verdict motions were filed. Subsequently, appellant filed a petition for post-conviction relief raising various issues, including a claim that he had not waived his right to file post-verdict motions. The trial court determined that appellant had not waived his appeal rights, and thus proceeded with a consideration of the merits of the other issues raised, including whether or not appellant was properly sentenced. Relief was denied and this appeal followed.

The sole issue raised here is whether the sentencing court erroneously considered thirty-two prior incidents in which the appellant was allegedly involved, including

past criminal convictions which were constitutionally infirm under *Gideon v. Wainwright*, 372 U.S. 355, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Such consideration, according to the appellant, violates principles established in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972); *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) and *Commonwealth v. Bower*, 442 Pa. 379, 275 A.2d 109 (1971).

In sentencing the appellant, the trial court said:

"[T]his Court has great compassion for his fellow man but this Court cannot and will not and should not tolerate the vandalization of the people of our county. For an offense of this type, this Court believes that the public's protection must be our first consideration. *We look at your record* and try to understand and determine how it is that a man who has been given so many chances *for so many different crimes* hasn't learned a good lesson by this time. Do you have anything further to say?" (Emphasis supplied.)

The prosecution admits that it does not have adequate records to establish that the appellant had the assistance of counsel at these thirty-two prior proceedings. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) reversed a felony conviction because certified records of a prior conviction, which on their face raised a presumption that defendant was denied his right to counsel in that proceeding, were introduced into evidence by the prosecution. *Burgett* said:

"To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt *or enhance punishment for another offense* (see *Greer v. Beto*, 384 U.S. 269, 86 S.Ct. 1477 [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in

effect suffers anew from the deprivation of that Sixth Amendment right.

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright is inherently prejudicial* and we are unable to say that the instructions to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705." (Emphasis supplied.)

*Id.* 389 U.S. at 115, 88 S.Ct. at 262, 19 L.Ed.2d at 324–5.

In *Commonwealth v. Bower*, 442 Pa. 379, 275 A.2d 109 (1971), this Court reversed defendant's conviction for murder because of the introduction, for the purpose of assisting the jury in fixing a penalty, of eleven prior criminal convictions where the court records in some of the former proceedings failed to show that defendant was represented by counsel or that he had waived his rights thereto. In reversing the defendant's conviction, the *Bower* court relied on *Burgett, supra.*

In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a remand for resentencing was affirmed because, *in imposing sentence,* the trial judge gave explicit consideration to convictions which were later determined to have been obtained in violation of *Gideon.*

In *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed. 2d 374 (1972), a 1947 conviction was reversed because convictions constitutionally infirm under *Gideon* were used to impeach the defendant.

The prosecution contends that the principles of the cited cases are not applicable to this case for two reasons: (1) that it was defense counsel who brought appellant's criminal record to the court's attention; and (2) that there is no indication that the sentencing judge gave ex-

plicit attention to the criminal record or enhanced appellant's sentence because of the criminal record. We reject both of these arguments.

■ The record does not sustain the prosecution's contention that defense counsel first brought appellant's criminal record to the trial court's attention. The prosecution's brief quotes a portion of the sentencing record in which defense counsel said:

". . . Now [appellant] has a considerable and very lengthy arrest record. I did not take down all of the arrests. I saw the list in the Sheriff's Office and I believe the Court had a copy of those arrests. They cover a multitude of various crimes . . . ."

The record discloses, however, that the quoted remarks by defense counsel were not the first mention of the appellant's criminal record. The prosecutor informed the court that the appellant had a lengthy criminal record at the opening of the sentencing hearing. In addition, there is no evidence in the record to contradict defense counsel's statement indicating that the sentencing court already had a copy of the defendant's criminal record before it.

■ We must also reject the prosecution's argument that there is no indication that the sentencing court gave explicit attention to the criminal record or enhanced appellant's punishment because of the record. The sentencing court stated:

*"We look at your record* and try to understand and determine how it is that a man who has been given so many chances *for so many different crimes* hasn't learned a good lesson by this time. Do you have anything further to say?" (Emphasis supplied.)

The prosecution argues that the trial court's statement should not be taken literally. It argues that the trial court might have been referring to defense counsel's statement concerning appellant's criminal record. We

cannot accept this interpretation of the trial court's remarks. First of all, the words "we look at your record" are more naturally used when one has "seen" a criminal record rather than when one has "heard" about a criminal record. Moreover, the trial judge's remarks referred to "so many chances for so many different crimes," indicating a more detailed knowledge of appellant's past criminal record than had been alluded to orally by counsel. Under these circumstances, we conclude that the trial court did give explicit attention to appellant's criminal record, and may have increased the punishment as the result of his knowledge of it.

The judgment of sentence is vacated and the case is remanded for resentencing without consideration of appellant's past criminal record.

JONES, C. J., dissents.