424 A.2d 531

**COMMONWEALTH of Pennsylvania,**

v.

**James A. MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Jan. 16, 1981.

---

412

Robert Sullivan, Jr., Lebanon, for appellant.

William Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence entered on a plea of guilty to burglary.[1] Appellant entered his plea on April 30, 1979, and was sentenced on June 19. At the plea and sentencing proceedings appellant was represented by private counsel. On June 28, 1979, the Public Defender filed a motion requesting modification of the sentence. On October 24, the lower court, after a hearing, granted the motion and vacated the sentence. On December 12 the lower court re-sentenced appellant; it is from this sentence that the present appeal is taken. Appellate counsel is again new counsel.

■ Appellant's first argument is that his private counsel at the first sentencing proceeding was ineffective in failing to review the contents of the presentence report. This argument is moot. As mentioned above, the lower court, on motion of the Public Defender, vacated the first sentence.

Appellant's only other argument is that in re-sentencing him, the lower court erred because it considered his criminal record in spite of the fact that he testified that with respect to several of the convictions included in that record he had not been represented by counsel.

The transcript of the sentencing proceeding reveals that the lower court did in fact consider the convictions with respect to which appellant testified he had not been represented by counsel. In its opinion the lower court takes the position that it was entitled to consider the convictions:

[Appellant] complained about sentences imposed by courts in Philadelphia, Pennsylvania; Reading, Pennsylvania; Salisbury, Maryland; Montgomery, Alabama; Tallahassee, Florida; Lewisburg, Pennsylvania. His complaint was that he was not represented by counsel in those proceedings. However, he admits that he never attacked these convictions at those places. We are quick to note

1. 18 Pa.C.S.A. § 3502.

that we have only the defendant's word that he was unrepresented in those proceedings. But even if we were to accept his word, we would be without jurisdiction to void facially valid convictions in other jurisdictions. Consequently, the record of those convictions must stand, unless and until they are successfully attacked in the courts where the convictions were obtained and the sentences imposed.

Slip op. at 6.

■ It is by no means clear that this statement by the lower court is correct. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (order remanding for resentencing affirmed where sentencing judge considered prior convictions obtained in violation of defendant's right to counsel); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) ("The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright,* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] is inherently prejudicial ..."); *Greer v. Beto*, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966); *Commonwealth v. Calvert*, 463 Pa. 211, 344 A.2d 797 (1975) (remand for resentencing where sentencing judge considered prior convictions infirm under *Gideon*); *Commonwealth v. Bower*, 442 Pa. 379, 275 A.2d 109 (1971) (defendant testified he was not represented when he pleaded guilty to prior charges; district attorney "unable to produce an iota of evidence to show that [defendant] was represented;" held, reversible error to permit jury to consider prior convictions in fixing penalty at life imprisonment). However, we are not free to consider the point now. At the sentencing proceeding, the following occurred:

THE COURT: The records will show something in Montgomery, Alabama, Tallahassee, Florida; Salisbury, Maryland, Philadelphia, Pennsylvania; Reading, Pennsylvania; but until those convictions are successfully attacked by you, and the sentence vacated and a new trial ordered, because all that you would be entitled to is a new trial, but until you move on those, I certainly have the right to

consider them, isn't that a correct analysis, Mr. Brightbill [the district attorney]?

MR. BRIGHTBILL: Yes, Your Honor.

THE COURT: *Do you disagree with that, Mr. Mesics* [the public defender]?

MR. MESICS: *No Your Honor*, but I believe there were some other convictions . . . .

N.T. 3–4 (emphasis added).

The argument that once appellant had testified that with respect to certain prior convictions he had not been represented, the sentencing judge could not consider the convictions unless the Commonwealth showed that he had been represented, has therefore been waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1924); *Commonwealth v. Hurd*, 268 Pa.Super. 24, 407 A.2d 418 (1979).

 Nor may we consider the argument incident to determining whether counsel was ineffective. It is true that appellate counsel was not counsel at the sentencing proceeding. Appellate counsel might, therefore, have argued that in agreeing with the sentencing judge's analysis—that the prior convictions could be considered unless appellant "successfully attacked" them and they were vacated—counsel at the sentencing proceeding was ineffective. However, appellate counsel has made no such argument; he has only urged the ineffectiveness of counsel at the first sentencing proceeding. *See* appellant's Statement of Questions Involved, Brief for Appellant at 3. Rule 2116 of the Rules of Appellate Procedure provides that "[t]he statement of the questions involved must state the question or questions . . . This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby . . . ." *And see Commonwealth v. Wyant*, 254 Pa.Super. 464, 386 A.2d 43 (1978); *Commonwealth v. Eckel*, 188 Pa.Super. 183, 146 A.2d 750 (1959).

Affirmed.