J-A29028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JAYME WAYNE WALTER | : | |
| | : | |
| Appellant | : | No. 94 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002440-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JAYME WAYNE WALTER | : | |
| | : | |
| Appellant | : | No. 95 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000863-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| JAYME WAYNE WALTER | : | |
| | : | |
| Appellant | : | No. 96 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000864-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: February 28, 2024**

Jayme Wayne Walter appeals from the judgment of sentence imposed after he pled guilty to multiple drug related offenses.  He claims that the trial court abused its discretion when it denied his post-sentence motion without a hearing.  Upon review, we affirm.

The trial court detailed the facts of this case in its opinion, which we need not repeat.  Briefly, this matter arises out of two separate controlled buys between Walter and a confidential informant for methamphetamine.  On another occasion, Walter drove to Allentown to pick up drugs and bring them back to Blair County.  Upon his return, Walter was pulled over and a search of the vehicle uncovered cell phones, $1,000 cash, six pounds of methamphetamine and various amounts of cocaine, heroin, and fentanyl.  Walter was arrested and charged at three separate dockets with various offenses.

On September 14, 2022, the day his trial was to start, Walter entered an open guilty plea in all three cases to six counts of possession with intent to deliver controlled substances including methamphetamine, fentanyl, heroin, and cocaine, three counts of conspiracy to deliver a controlled substance, four counts of possession of a controlled substance, one count of use/possession drug paraphernalia, three counts of criminal use of a communication facility, and one count each of corrupt organizations, conspiracy to commit corrupt

organizations, dealing in proceeds of unlawful activities, and dealing in proceeds of unlawful activities (designed to conceal).[1]

On November 29, 2022, the trial court sentenced Walter to an aggregate term of 32 ½ to 65 years' incarceration. Walter filed a post-sentence motion, which the trial court denied without a hearing.

Walter filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Walter raises the following single issue:

Did the post-sentence motion's court abuse [its] discretion by denying [Walter's] post-sentence motion without a hearing given the lengthy sentence the court imposed?

Walter's Brief at 5.

Walter claims that the trial court abused its discretion when it denied his post-sentence motion without a hearing. Walter maintains that this is particularly so considering the lengthy sentence the court imposed. According to Walter, the court did not give him a hearing because he previously acted out in court and the court "did not want to possibly have to hear him complain about the Commonwealth and his sentence."[2] Walter's Brief at 9.

---

[1] 18 Pa.C.S.A. § 903, 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32), 18 Pa.C.S.A. §§ 7512, 911(b)(3), 911(b)(4), 5111(a)(1), and 5111(a)(2).

[2] We note that Walter makes several other arguments claiming the trial court abused its discretion by imposing an excessive sentence. However, Walter did not include any issue regarding the discretionary aspects of his sentence in his statement of questions involved on appeal. An appellant is required to
*(Footnote Continued Next Page)*

J-A29028-23

Initially, based upon our review of the record, we observe that Walter did not include any issue in his Rule 1925(b) statement regarding the court's denial of a hearing on his post-sentence motion. Instead, he claimed that his sentence was manifestly excessive and raised various issues pertaining to the discretionary aspects of his sentence. Issues not included in the Rule 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord,** 719 A.2d 306 (Pa. 1998). Consequently, Walter's sole appellate issue is waived.

Nonetheless, even if Walter had not waived his issue, we would conclude that it is without merit. Notably, Walter cited no authority to support his claim.

---

"state concisely the issues to be resolved [by this Court], expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). "This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." **Commonwealth v. Miller,** 424 A.2d 531, 533 (Pa. Super. 1981). In accord with the clear language of Rule 2116(a) that "no question will be considered" unless it is included within the statement of issues, we conclude that any arguments related to the discretionary aspects of Walter's sentence are waived.

Furthermore, Walter did not include a concise statement of reasons relied upon for allowance of appeal of the discretionary aspects of sentence pursuant to Rule 2119(f) in his appellate brief. Generally, "[w]here an appellant fails to comply with Rule 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." **Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004). Here, the Commonwealth objected. Commonwealth's Brief at 7. Therefore, Walter's arguments regarding the discretionary aspects of his sentence are waived on this basis also.

- 4 -

Rather, he only made a blanket statement that the trial court abused its discretion by not conducting a hearing.[3] Indeed, Walter could not offer any legal support for his claim. It is clear that the decision to hold a hearing on a post-sentence motion is within the trial court's discretion. Pennsylvania Rule of Criminal Procedure 720(B)(2)(b) provides: "The judge shall [] determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both." Pa.R.Crim.P. 720(B)(2)(b). As such, there is no right to a hearing on a post-sentence motion. We would conclude that Walter's issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  2/28/2024

---

[3] An appellant must provide a legal argument for each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted). Walter's appellate brief fails to develop any meaningful legal argument or analysis on this issue. It therefore fails to comply with the rules of appellate procedure. *See* Pa.R.A.P. 2101.